```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| COOPER HOSPITAL UNIVERSITY MEDICAL CENTER, | |
| Plaintiff, | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 05-5941 |
| v. | **OPINION** |
| SEAFARERS HEALTH AND BENEFITS PLAN, and RUFUS PRITCHETT, | |
| Defendants. | |

**APPEARANCES:**

MATTLEMAN, WEINROTH & MILLER, P.C.
By: Alison B. Weinroth-Shaw, Esq.
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
        Counsel for Plaintiff

GIBLIN & LYNCH
By: Thomas J. Giblin, Esq.
10 Garber Square, Suite 2
Ridgewood, New Jersey 07450
        Counsel for Defendant Seafarers Health and
        Benefits Plan

**IRENAS**, Senior District Judge:

    This case involves a dispute arising from Defendant Seafarers Health and Benefits Plan's ("Seafarers") partial payment of Plaintiff Cooper Hospital University Medical Center's ("Cooper Hospital") bills. Cooper Hospital seeks to recover the remaining balance due. Seafarers asserts that it is not obligated to pay the remaining balance.[1] Before the Court are cross-motions for summary

---

[1] As further discussed *infra*, Defendant Pritchett has not entered an appearance in this case.

judgment.  Because the Court concludes that it lacks subject matter jurisdiction over this case, the case will be remanded to state court and the motions will be dismissed as moot.

**I.**

The facts of this case are undisputed.  Defendant Rufus Pritchett, who is insured by Seafarers,[2] was admitted to Cooper Hospital on February 15, 2004, where he stayed for treatment until March 15, 2004.[3]

For the "medical supplies and treatment rendered" to Pritchett, Cooper Hospital billed Seafarers $363,812.00.  Seafarers, concluding that $160,482.00 was the reasonable charge for the goods and services rendered, paid Cooper Hospital that sum.  It refuses to pay the remaining $203,330.00, asserting that the balance exceeds the Plan's allowances for reasonable and customary charges based on a regional comparison.

Cooper Hospital filed suit in the Superior Court of New Jersey, Camden County, on September 15, 2005.  The Complaint, which is not a model of clarity, asserts five counts, two against Seafarers only, two against Pritchett only, and one count against both Defendants.  All five counts demand a judgment of $203,330.00.  A summons, dated November 21, 2005, was issued for Seafarers.

---

[2] Seafarers is an "employee benefit plan" as defined by ERISA, 29 U.S.C. § 1002(3).

[3] The record does not indicate the nature of Pritchett's ailment.

There is no indication in the record that a summons was ever issued for Pritchett.

Seafarers filed its Notice of Removal with this Court on December 22, 2005. The Notice of Removal asserts that this Court has federal question subject matter jurisdiction based on ERISA's complete preemption of Cooper Hospital's claims.

**II.**

The Court has an obligation to raise, *sua sponte*, the issue of its subject matter jurisdiction. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 216 (3d Cir. 1999). Fed. R. Civ. P. 12(h)(3) provides, "whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Accordingly, before reaching the merits of the present action, the Court must examine whether it has subject matter jurisdiction over any of the claims asserted in the complaint. While neither party addresses the issue in their summary judgment briefs, Seafarers provides the following explanation in its Notice of Removal:

> The Plan is an 'employee benefit plan' as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). Plaintiff is suing as a purported beneficiary of the Plan, as the term beneficiary is defined in ERISA, 29 U.S.C. § 1002(8), seeking payment of a benefit by the Plan. Such action

>is cognizable under ERISA, 29 U.S.C. § 1132(a)(1)(B).[4]
>This Court has original jurisdiction over such actions
>pursuant to ERISA, 29 U.S.C. § 1132(e). *Metropolitan
>Life Ins. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542
>(1987).

The issue is whether Seafarers is correct. This is not the typical case, like in *Metropolitan Life*, where an employee brings state common law claims against his employer and insurer to recover benefits allegedly due. Here the plaintiff is a hospital seeking payment of its bill from both the insurer and the employee. Does ERISA completely preempt Cooper Hospital's claims, thereby providing the basis for federal question subject matter jurisdiction?[5]

Under the well-pleaded complaint rule, a cause of action "arises under" federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction*

---

[4] Section 1332 contains ERISA's civil enforcement provisions. Subsection (a)(1)(B) provides, "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[5] Seafarers has never asserted any other basis for subject matter jurisdiction. Moreover, it appears that diversity jurisdiction is lacking, as all record evidence indicates that Pritchett is a citizen of New Jersey, and Cooper Hospital is undisputedly a citizen of New Jersey. The fact that Pritchett has not been served with process does not alter the Court's conclusion. *See U.S. ex rel. Gen. Rock & Sand Corp. v. Chuska Devel. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995)("'diversity jurisdiction must be determined from the face of the pleading and not from returns of service of process or lack thereof.'")(quoting *Oppenheim v. Sterling,* 368 F.2d 516, 518 (10th Cir. 1966)*, cert. denied,* 386 U.S. 1011 (1967))*; Tullous v. Home Depot USA, Inc.,* No. 99-1400, 2000 U.S. Dist. LEXIS 19194 at *12-13 (D. Kan. Nov. 29, 2000)*; Salerno v. Am. League of Prof. Baseball Clubs,* 310 F. Supp. 729, 731 (S.D.N.Y. 1969)*.

*Laborers Vacation Trust*, 463 U.S. 1, 9-12 (1983).  A federal defense to a plaintiff's state law cause of action usually is insufficient to warrant removal to federal court.  *Gully v. First Nat'l Bank*, 299 U.S. 109, 115-18 (1936).  Thus, it is well-established that the defense of preemption ordinarily is insufficient justification to permit removal to federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398 (1987).

As explained in *Metropolitan Life*, and other cases, however, there is a narrow exception for situations of "complete preemption," where Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  481 U.S. at 63-64.  In *Metropolitan Life,* the Supreme Court concluded that by enacting § 1132(a), Congress intended to completely preempt the claims asserted, and held that the limited set of state law claims which fall within the scope of the civil enforcement provisions are completely preempted.  As such, claims that are completely preempted by ERISA's civil enforcement provision provide a basis for the exercise of federal question subject matter jurisdiction.

In *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, the Third Circuit applied the well-pleaded complaint rule, *Metropolitan Life*, and the doctrine of complete preemption to reverse the district court's denial of the Plaintiff

5

hospital's motion to remand.  388 F.3d 393 (3d Cir. 2004).[6]  The instant suit is not meaningfully distinguishable from *Pascack Valley*; therefore this Court is compelled to conclude that it lacks subject matter jurisdiction over this case.

In *Pascack Valley*, the plaintiff hospital sued defendants, a union and an ERISA Plan for failing to pay the hospital for services rendered to beneficiaries of the Plan.  388 F.3d at 396.  Similar to the facts of this case, the Plan paid part of the hospital's bill but disputed whether it was required to pay the remaining balance.[7]  *Id.*  The hospital filed a breach of contract suit in New Jersey state court, alleging that it was a third-party beneficiary of an agreement whereby the Plan became obligated to pay the hospital for medical services provided.  *Id.* at 397.  The Plan removed the case to federal court and moved for summary judgment.  The hospital moved for remand.

On appeal of the district court's denial of the remand motion, the Third Circuit concluded that subject matter jurisdiction, under a theory of complete preemption, was lacking.  The Court explained, "this case is removable only if (1) the Hospital could have brought its breach of duty claim under [§ 1332(a)], and (2) no other legal duty supports the Hospital's claims."  388 F.3d at 400.

---

[6] *Cert. denied*, 546 U.S. 813 (2005).

[7] Unlike this case, however, the Plan disputed whether it had forfeited a discounted rate for services.

Addressing the first issue, the Court concluded that the Hospital lacked standing to assert a claim under § 1332(a) as it was not a "participant" or a "beneficiary" under ERISA and therefore could not sue in its own right.  The Court went on to state that, while the parties dispute whether an assignment of claims from a participant or beneficiary to a hospital could confer standing to sue, the Court need not answer the question because there was nothing in the record establishing that an assignment had occurred.  388 F.3d at 400-01.  The Court stated,

> [a]s the party seeking removal, the Plan bore the burden of proving that the Hospital's claim is an ERISA claim.  Accordingly, the Plan bore the burden of establishing the existence of an assignment. . . . The Plan cannot demonstrate that the Hospital has standing to sue under [§ 1332(a)].  As a result, the Hospital's state law claims could not have been brought under the scope of [§ 1332(a)] and are not completely preempted. . . . The absence of an assignment is dispositive of the complete preemption question.

*Id.* at 402, 404.[8]

---

[8] *Accord Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*, 143 F. App'x 433, 435 (3d Cir. 2005)(vacating district court's grant of summary judgment to the defendant Plan and remanding the case to the district court with directions to remand to the state court explaining, "here, as in *Pascack Valley*, there is no evidence of any assignments executed by the plan participants.  Accordingly, we have no way of knowing if executed assignments exist.  Moreover, even assuming that such assignments do exist, we still have no way of knowing their terms or parameters."); *see also, Somerset Orthopedic Assocs., P.A. v. Aetna Life Ins. Co.,* No. 06-867, 2007 U.S. Dist. LEXIS 7662 (D.N.J. Feb. 2, 2007)(Cooper, J.);  *UPMC McKeesport v. Western & Southern Life Assur. Co.*, No. 06-220, 2006 U.S. Dist. LEXIS 25801 (W.D. Pa. April 18, 2006); *Ahmad v. Aetna U.S. Healthcare*, No. 03-820, 2005 U.S. Dist. LEXIS 20164 (E.D. Pa. Sept. 14, 2005).

This case presents an even clearer situation because not only is there no evidence of an assignment, the Complaint does not even allege that Cooper Hospital is a third-party beneficiary entitled to payment from Seafarers.  The only possibly relevant evidence in the record regarding this issue is the Affidavit of Patricia Benoit, which Seafarers submits in support of its Motion for Summary Judgment.  The Benoit Affidavit states:

> Plan records indicate that on February 15, 2004 Mr. Pritchett was admitted to Cooper Hospital University Medical Center for treatment.  He was hospitalized for one month from February 15, 2004 through March 15, 2004.  As a service provider, the Plan considers the Plaintiff a Plan beneficiary.

Benoit Aff ¶ 6.  Of course, whether Seafarers considers Cooper Hospital a beneficiary is not dispositive.  Bald assertions of legal conclusions are not evidence.

Because the record is completely devoid of any evidence of an assignment, the Court holds that Cooper Hospital lacks standing to sue under 29 U.S.C. § 1332(a); its claims are not completely preempted by ERISA; and this Court lacks subject matter jurisdiction.  Accordingly, this case will be remanded to state court and the motions for summary judgment dismissed as moot.

### III.

For the reasons set forth above, this case will be remanded to

state court for lack of subject matter jurisdiction, and the pending motions dismissed as moot.  The Court will issue an appropriate order.

Date: August 17, 2007

                                                                     s/ Joseph E. Irenas  
                                                  **JOSEPH E. IRENAS, S.U.S.D.J.**