```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| COOPER HOSPITAL UNIVERSITY<br>MEDICAL CENTER,<br><br>        Plaintiff,<br><br>   v.<br><br>SEAFARERS HEALTH AND BENEFITS<br>PLAN, and RUFUS PRITCHETT,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 05-5941<br><br>**OPINION** |

**APPEARANCES:**

MATTLEMAN, WEINROTH & MILLER, P.C.
By: Alison B. Weinroth-Shaw, Esq.
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
    Counsel for Plaintiff

GIBLIN & LYNCH
By: Thomas J. Giblin, Esq.
10 Garber Square, Suite 2
Ridgewood, New Jersey 07450
    Counsel for Defendant Seafarers Health and Benefits Plan

**IRENAS**, Senior District Judge:

Presently before the Court is Defendant Seafarers Health and Benefits Plan's ("Seafarers") motion for reconsideration of this Court's Opinion and Order remanding the case to the Superior Court of New Jersey and dismissing all pending motions as moot (Docket Nos. 20 & 21). For the reasons set forth below, Seafarers' motion will be denied.

1

I.

Upon a motion for reconsideration, a court may alter or amend its decision if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* L. Civ. R. 7.1(I).

"To succeed on a motion for reconsideration, a petitioner must present 'something new or something overlooked by the court in rendering the earlier decision.'" *Hernandez v. Beeler*, 129 F. Supp. 2d 698, 701 (D.N.J. 2001)(quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)). "The petitioner should show 'more than a disagreement' with the decision he would like reconsidered." *Id.* (quoting *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

II.

As set forth more fully in this Court's August 17, 2007, Opinion (the "Opinion"), the action arises out of Seafarers' refusal to pay part of Plaintiff Cooper Hospital University Medical Center's (the "Hospital") bill for services rendered in

2

treating a patient, Defendant Rufus Prichett ("Prichett"). The Hospital filed suit in the Superior Court of New Jersey on September 15, 2005, and Seafarers removed the case to this Court on December 22, 2005. The asserted basis of the removal was that this Court has federal question subject matter jurisdiction based on ERISA's complete preemption of the Hospital's claims. In its Opinion remanding the action to state court, this Court held that ERISA does not completely preempt the Hospital's claims. The Court, relying primarily on *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004), further held that the Hospital lacks standing to sue under 29 U.S.C. § 1332(a) because it is not an ERISA "participant" or "beneficiary," and there is no evidence of an assignment from Prichett, a Seafarers' ERISA Plan beneficiary, to the Hospital. (Opinion p.7).[1]

Seafarers now moves for reconsideration, arguing that the Court overlooked evidence that Pritchett assigned his benefits under Seafarers' ERISA Plan to the Hospital. It relies on a document that both it and the Hospital submitted in connection with their summary judgment motions.[2] Seafarers refers to this document

---

[1] Indeed, this Court noted that *Pascack Valley* did not answer the question of whether an assignment of claims from a participant or beneficiary to a hospital could confer standing to sue because it held that no assignment had occurred. (Id.).

[2] While the documents submitted by the Hospital and by Seafarers are nearly identical, some of the entries are different

as a "summary billing form from Cooper Hospital/U.M.C." ("billing form")(Supp. Benoit Aff. ¶4, Ex. A).  Item 53 on the billing form is entitled "ASG BEN," and is followed by a box in which the letter "Y" is typed.  Patricia Benoit's Supplemental Affidavit, submitted in support of Seafarers' reconsideration motion, indicates that this document is standard in the healthcare industry and is used to file claims for reimbursement.  Benoit states that "ASG" is an abbreviation for "assignment," and that "Y" indicates that "the hospital is in possession of a valid executed assignment of benefits from the Plan participant," Prichett.  (Supp. Benoit Aff. ¶5).

The billing form is a document created by the Hospital that is, at most, indicia of the Hospital's belief that an assignment occurred.  It is not, in itself, sufficient evidence that Pritchett assigned his rights under Seafarers' Plan to the Hospital.  Seafarers argues that under Fed. R. Evid. 1006 ("Rule 1006"), the billing form is sufficient evidence of a valid assignment.  Rule 1006, however, is inapposite.  Entitled "Summaries," it governs the presentation of voluminous writings that "cannot conveniently be examined in court."  The rule allows for such writing to "be presented in the form of a chart summary, or calculation." *Id.*

---

because the forms were completed on different dates.  (Benoit Aff. Ex. C; Benoit Supp. Aff. Ex. A; Pl. S.J. Ex. A).  The Court reviewed the Benoit Affidavit prior to issuing its Opinion. (Opinion p.8).

As noted in *Jade Trading, LLC v. United States,* the case on which Seafarers relies, Rule 1006 requires: (1) that the writing is voluminous; (2) the underlying evidence is admissible; (3) the underlying evidence is made available to the opposing party; and (4) the summary, chart, or calculation must accurately summarize or reflect the underlying document and only the underlying document." 67 Fed. Cl. 608, **18 (Ct. Cl. 2005).

Seafarers has not established any of the *Jade Trading* requirements. It does not contend that the contract in which the assignment is contained is too voluminous to be conveniently examined by the Court. Indeed, in its reconsideration motion, Seafarers submitted a one-page document as evidence of the assignment. (Benoit Supp. Aff. Ex. "B"). Clearly, a page-long document is not a "voluminous writing" as contemplated by Rule 1006. Second, the assignment document appears to be the last page of a contract entitled "Hospital Consent," which Seafarers has never presented to this Court. The Court cannot determine the admissibility of a document solely by looking at a portion of it. Third, there is no indication that Seafarers has presented the assignment document, in its entirety, to the Hospital. Lastly, the summary billing form is not a summary or reflection of the assignment document only. Rather, it purportedly references the existence of an assignment, but primarily contains billing

information.[3]

Next, although Seafarers did not initially present the document allegedly assigning Pritchett's rights under the ERISA Plan to the Hospital (the "assignment document"), it urges the Court to consider the document now.  Seafarers concedes that "it is well settled that motions for reconsideration are extremely limited and are usually only contemplated when there are facts or controlling decision of law that were presented to the court but not considered."  (Def. Recon. Br. p.10)(citing *Tehan v. Disability Mgmt. Servs.,* 111 F. Supp. 2d 542, 549 (D.N.J. 2000)("A court will grant a motion for reconsideration where 'dispositive factual matters or controlling decisions of law' were presented to the court but not considered."(citations omitted)).  It argues, however, that the court should consider the assignment document because it was caught by surprise when the Court raised the issue of subject matter jurisdiction *sua sponte.*  It relies on *Local R. Civ. P.* 83.2(b), which permits a court to relax or dispense with any rule with which adherence would result in surprise or injustice.

---

[3] Moreover, discussion of the applicability of Rule 1006 appears to contemplate use of summary exhibits at trial, which is not Seafarers intended use of the summary billing form here. *See McCormick on Evidence*, Title 9, Ch. 23, § 241, "Summaries of voluminous writings, recordings and photographs" (2006); *Federal Evidence,* Ch. 10 "Contents of Writings, Recordings, and Photographs: Rules 1001 to 1008.  Federal Rule 1006, § 10:34" (May 2007).

6

The Court, however, has a duty to raise issues of subject matter jurisdiction *sua sponte*.  *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) ("First, because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 [] (1977).  A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns.").  Moreover, Seafarers' asserted basis of removal is that this Court has subject matter jurisdiction under ERISA.  Thus, the requirement that the Court have subject matter jurisdiction was no surprise, and the Court's raising of the issue *sua sponte* does not create a need to relax the standards for reconsideration.  Accordingly, the Court cannot consider the assignment document for the first time on reconsideration.

Even if the Court were permitted to consider the evidence, however, the assignment document is not conclusive proof of an assignment.  It reads, in relevant part:

> **Assignment of Benefits**:  I hereby authorize payment direct to Cooper Hospital/University Medical Center of the insurance payments otherwise payable to me, but not to exceed the hospital rate.  In the event that my insurance company does not approve any or all of my hosptial or associated medical charges; I hereby give the Cooper Health System my consent to pursue all available appeal processes.

(Benoit Supp. Aff. Ex. "B").  It appears to have been signed by Pritchett, and witnessed on February 15, 2004.  This language is

7

not an unequivocal assignment of all of Pritchett's rights under Seafarers' Plan. Rather, it allows the Hospital to receive payments directly from Seafarers, and in a situation such as this, to pursue available appeal processes.[4] It does not give the Hospital the right to pursue litigation based upon Seafarers' refusal to pay charges.[5]

Accordingly, the Court did not err in failing to conclude that Prichett validly assigned his benefits under Seafarers' Plan to the Hospital. Moreover, the Court's Opinion does not leave Seafarers without a remedy. Rather, Seafarers is entitled to assert ERISA preemption as a complete defense once the action is remanded to state court. *See Temple Univ. Children's Med. Ctr. v. Group Health, Inc.*, 413 F. Supp. 2d 530 (E.D. Pa. 2006)("The Court of Appeals [in *Pascack Valley*] did not preclude defendants from

---

[4] In fact, under Seafarers' Plan, any claimant who is denied a benefit is entitled to appeal the determination to Seafarers' Board of Trustees. (DiPrisco App. ¶10).

[5] Seafarers presents two additional arguments, neither of which are sufficient to establish proof of a valid assignment. First, Seafarers contends that the Hospital's status as an assignee is clear from the fact that the Hospital's counsel appealed Seafarers' denial of charges to Seafarers' Board of Trustees "on behalf of the participant," Pritchett. (DiPrisco Aff. Ex. C). This language alone does not establish the existence of an assignment. Rather, it supports the narrow language in the assignment clause that the Hospital has the right to pursue an appeal on behalf of Pritchett. Second, without citing to the record, Seafarers contends that the existence of a valid assignment "is also obvious from the actions of the parties." The Court is equally unpersuaded by this argument, as it is unclear to which actions Seafarers refers.

asserting ERISA preemption as a complete defense to the action once it was returned to the state court.  *Pascack Valley* merely concerned the issue of removal and remand.").

## III.

For the reasons set forth above, the Court will deny Seafarers' motion for reconsideration.  The Court will issue an appropriate Order.

Dated: September 25, 2007.

s/ *Joseph E. Irenas*<br>
**JOSEPH E. IRENAS, S.U.S.D.J.**